IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND and CATHERINE WENSKUS, not individually, but as Administrator of the Funds, <br><br> Plaintiffs, <br><br> v. <br><br> BOYE JANITORIAL SERVICES, INC. an Illinois corporation, <br><br> Defendant. | JUDGE LEFKOW <br><br> Case No.: 19-cv-6920 |

## MOTION TO REINSTATE AND CONFESS JUDGMENT

NOW COME Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and Catherine Wenskus, Administrator of the Funds (hereinafter collectively "Funds"), by and through their attorney, G. Ryan Liska, and hereby move this Court to Reinstate and Confess Judgment on the settlement Installment Note entered into by the parties in the above referenced matter. In support of this Motion, Plaintiffs state as follows:

1. On October 21, 2019 the Funds filed a Complaint against Boye Janitorial Service, Inc. ("Defendant") to collect amounts found due and owing pursuant to a fringe benefit and union dues compliance audit covering the period April 2017 through March 31, 2019 and to collect unpaid fringe benefit reports for March 2019 and July 2019 through October 2019. In

addition, the lawsuit sought payment for accumulated liquidated damages which were assessed against the Defendant as a result of it failing to timely pay its fringe benefit monthly reports.

2. On March 13, 2020, the Funds and Defendant resolved this matter when the parties entered into an Installment Note wherein the Defendant agreed to pay $215,187.38 over the course of thirty-six (36) consecutive months. A true and accurate copy of the Installment Note is attached as Exhibit 1.

3. As a result of the Parties' settlement, the Parties entered into an Agreed Stipulation to Dismiss wherein the Court dismissed the matter without prejudice and granted the Funds leave to reinstate the lawsuit on or before April 15, 2023. (See Docket Entry 18).

4. Paragraph 9 of the Installment Note provides "in the event the Company fails to timely make any payments described in this Note, all amounts described in paragraph 1 [of the Note] herein shall immediately become due on the 10th day following the date on which payment should have been received by the Funds under the terms of this Note. In such event the Company further agrees to pay all attorneys' fees and costs incurred by the Funds in any action to enforce any part of this Note".

5. Paragraph 10 of the Installment Note provides the Funds with the right to accelerate the balance due on the Installment Note in the event the Company fails to remain current on its monthly fringe reporting and payments as set forth in the parties' collective bargaining agreement.

6. Paragraph 8 of the parties' Settlement Agreement provides that in the event of default, the Funds shall provide the Defendant with a written notice of default and that the Funds could accelerate the balance due on the installment note in the event the Defendant did not cure

the default within ten (10) days. (A true and accurate copy of the Settlement Agreement is attached as Exhibit 2.

7. On June 8, 2021, the Funds provided a written notice of default to the Defendant via email which advised Defendant it was in default of the note payment obligations and demanded Defendant to pay the March 2021 through June 2021 note payments by June 23, 2021. On June 23, 2021, the Funds granted Defendant an extension to make these payments by July 2, 2021. (A true and accurate copy of those emails are attached as Exhibits 3 and 4). On July 9, 2021, the Funds sent a follow up email requesting the Defendant cure the Installment Note default. (See Exhibit 5). To date, the Defendant has not cured the default despite numerous promises to do so.

8. Since the default emails were delivered, the August 2021 through October 2021 note payments became due. In addition, the Defendant failed to remit its June 2021 through August 2021 fringe benefit reports and payments. (See Exhibit 6 Christopher Affidavit, ¶ 3).

9. Defendant is in default of its Installment Note obligations by failing to timely remit its April 2021 through October 2021 payments totaling $32,992.61 and by failing to remit its June 2021 through August 2021 monthly fringe benefit reports. (See Exhibit 6 Christopher Affidavit, ¶ 5)

10. By virtue of failing to timely make the April 2021 through October 2021 note payments and failing to cure the default within ten (10) days, the balance due on the Installment Note is immediately due and payable. Allowing for all just due credits, Defendant owes $117,948.61. (See Exhibit 6 Christopher Affidavit, ¶ 5).

WHEREFORE, the Funds respectfully request that this Court grant its Motion to Reinstate and Confess Judgment and:

A. Enter judgment jointly and severely in favor of the Funds and against Defendant Boye Janitorial Service, Inc. in the amount of $ $117,948.61 plus $500.00 which represents Funds' attorney fees and expenses in enforcing Note and moving to reinstate this case;

B. Order Defendant to pay post judgment interest on the judgment amount until fully paid to the Funds; and

C. For any other relief deemed just inequitable.

Respectfully submitted,

October 18, 2021            Laborers' Pension Fund, et al.

By: /s/ G. Ryan Liska

Office of Fund Counsel
Laborers' Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he caused a copy of the foregoing Motion to Reinstate and Confess Judgment to be served upon the following persons via the U.S. Mail on this 18th day of October, 2021.

    Boye Janitorial Services, Inc.
    c/o Tony Adeboyejo
    PO Box 490777
    Chicago, Il 60649

    Boye Janitorial Services, Inc.
    c/o Aileen Carbonel, VP Operations
    aileen@boyejan.com

                                                                        /s/ G. Ryan Liska

## INSTALLMENT NOTE

This Installment Note ("Note") is made between the Laborers' Pension Fund ("Pension Fund"), the Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity ("Welfare Fund"), and the Chicago Laborers' District Council Retiree Health and Welfare Fund ("Retiree Welfare Fund") ("Welfare Funds") (collectively the "Funds"), the parties of the first part, and Boye Janitorial Services, Inc. (the "Company"), the party of the second part.

WHEREAS, the Company has at all relevant times been party to a collective bargaining agreement ("CBA") with the Construction and General Laborers' District Council of Chicago and Vicinity ("District Council"), whereunder it is obligated to make certain contributions to the above-named Funds, as well as to the Training Fund, on behalf of its covered employees, and to submit payment of all employee union dues.

WHEREAS, the Company has failed to timely pay certain contributions owed to the Funds for the audit period of April 1, 2017 through March 31, 2019 and failed to pay its monthly fringe benefit and dues contribution reports for the months July 2019 through October 2019.

WHEREAS, the Company has failed to remit all employee union dues to the Funds, as the designated collection agent for the District Council, for the audit period of April 1, 2017 through March 31, 2019 and July 2019 through October 2019 contribution reports.

WHEREAS, the Company desires to pay all delinquencies owed to the Funds, to pay all union dues owed to the District Council, together with liquidated damages, and interest, as set forth below, and further desires to remain current in its obligation to pay contributions to the Funds.

THE PARTIES HEREBY AGREE as follows:

1. The Company will pay $72,779.74 to the Welfare Fund (comprised of $52,047.55 in delinquent contributions, $5,413.95 in liquidated damages, $1,190.00 in attorney's fees and costs, $629.34 in audit costs and $13,498.80 in interest) (based on an interest rate of 12%). The Company will pay $32,656.21 to the Retiree Welfare Fund (comprised of $24,220.57 in delinquent contributions, $2,667.04 in liquidated damages, $1,155.00 in attorney's fees and costs, $610.83 in audit costs and $4,002.77 in interest). The Company will also pay $93,881.77 to the Pension Fund (comprised of $67,187.34 in delinquent contributions, $7,367.04 in liquidated damages, $1,155.00 in attorney's fees and costs, $610.83 in audit costs and $17,561.56 in interest). All of these amounts shall be paid according to the schedule described below in paragraphs 5 and 6.

2. The Company will also pay $4,637.93 to the Training Fund (comprised of $3,951.25 in delinquent contributions, $395.13 in liquidated damages and $291.55 in interest), $423.19 to the LECET Fund (comprised of $351.62 in delinquent contributions, $35.16 in liquidated damages and $36.41 in interest), $1,028.59 to the LDCMC Fund (comprised of $853.90 in delinquent contributions, $85.39 in liquidated damages and $89.30 in interest), $484.07 to the CAICA Fund (comprised of $401.85 in delinquent contributions, $40.19 in liquidated damages and $42.03 in interest) and $9,295.98 in union dues (comprised of $8,450.89 in delinquent contributions and $845.09 in liquidated damages). These delinquent amounts shall be paid in their entirety at the time the Note is signed along with the amounts due in paragraph 5.

3. The Company will also pay the Funds or the sum of $3,500.00 representing attorney fees and costs incurred by the Funds in Case No. 19 CV 6962. This amount is split between the Welfare, Retiree Welfare, and Pension Funds as described in paragraph 1 above.

4. The Company will also pay the Funds the sum of $1,851.00 in audit costs. This amount split equally between the Welfare, Retiree Welfare, and Pension Funds as described in paragraph 1 above.

5. Simultaneously with the execution of this Note, the Company will pay twenty percent (20%) of the total outstanding indebtedness, excluding note interest and including the delinquent amounts described above in paragraph 2, or $9,880.44 to the Welfare Fund, $9,880.45 to the Retiree Welfare Fund and $9,880.45 to the Pension Fund.

6. For thirty-six (36) consecutive months commencing on May 1, 2020 and ending on April 1, 2023, the Company will pay $1,747.20 per month to the Welfare Fund, $632.66 to the Retiree Welfare Fund and $2,333.37 per month to the Pension Fund. The total monthly payment is $4,713.23.

7. The Company will remit all payments to the Funds' Administrative Offices, which are located at 11465 Cermak Road, Westchester, Illinois 60154. The payments should be placed to the attention of Field Representative Michael Christopher

EXHIBIT 1

8. The Company understands and agrees that this Installment Note is based on reports submitted by the Company to the Funds and that the Funds reserve the right to conduct an audit, in accordance with the terms of the CBA and the Funds' respective Agreements and Declarations of Trust, to determine benefit contribution compliance for the time period covered herein and further reserve the right to collect any unpaid contributions, union dues, interest, liquidated damages, and audit costs as shown on said audit.

9. Payments made pursuant to this Installment Note shall be considered "contributions" as defined under the terms of the CBA and the Funds' respective Agreements and Declarations of Trust. If the contributions are not paid by the 10th day following the date on which payment should have been received, the contribution shall be considered delinquent and all charges which apply to the late payment of contributions under the terms of the CBA and the Funds' respective Agreements and Declarations of Trust shall apply, including, but not limited to, the assessment of interest and liquidated damages. Further, in the event the Company fails to timely make any payments described in this Note, all amounts described in paragraph 1 herein shall immediately become due on the 10th day following the date on which payment should have been received by the Funds under the terms of this Note. In such event the Company further agrees to pay all attorneys' fees and costs incurred by the Funds in any action to enforce any part of this Note.

10. This Installment Note is conditioned on the Company staying current on its obligations to the Funds and District Council under the terms of the CBA and the Funds' respective Agreements and Declarations of Trust and the parties Settlement Agreement. In the event that the Company fails to maintain its obligations under the terms of the CBA and the Funds' respective Agreements and Declarations of Trust, including, but no limited to, its obligations to post and maintain a $10,000.00 fringe benefit and wage bond, to submit timely contribution and dues reports and to make timely contribution and dues payments by the tenth day following the month in which laborers' work was performed, then the Funds shall have the right to accelerate and collect all amounts due under this Installment Note, plus payment of all attorneys' fees and costs incurred by the Funds in any action to accelerate this Installment Note. The Company must also complete and submit monthly Job Notice Cover Sheets and individual Job Notices on the forms provided by the Funds by the first day of each month for the duration of this Note. Failure to comply with this term will result in a default on this Note and enable the Funds to accelerate all amounts due on this Note.

11. The Parties acknowledge and agree that any payments to the District Council provided for in this Installment Note fully comport with 29 U.S.C. § 186(c)(2) and that they involve the compromise, adjustment, settlement, or release of a claim, complaint, grievance, or dispute in the absence of fraud or duress.

12. The Company further agrees to obtain and maintain a $10,000.00 surety bond to insure the payment of wages and benefit contributions as required under the terms of the CBA.

13. The Company shall have the right to prepay the entire amount due under the Note prior to the date upon which payment is due without penalty and without payment of any precalculated Note interest that has not accrued as of the date full payment has been made.

The Parties hereby agree to these terms by their execution hereof on the 13th day of March, 2020.

Boye Janitorial Services, Inc.

By: _____ Tony Adeboyejo

Title: _____ President

Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and Chicago Laborers' District Council Retiree Health and Welfare Fund.

By: _____

# FINANCIAL SCHEDULE FOR INSTALLMENT NOTE

**CODE** 35169     **CONTRACTOR** Boye Janitorial Service

**ASSUMPTIONS:**
1.) INTEREST RATE — 12.00%
2.) NUMBER OF PAYMENTS — 36
3.) BEGINNING OF PERIOD PAYMENTS
4.) NO INTEREST ON ATTORNEY FEES AND AUDIT COSTS

PHONE 773-779-3800

| PERIOD | WELFARE | RETIREE WELFARE | PENSION | DUES | LDCLMCC | LECET | TRAINING FUND | CAICA | TOTALS |
|---|---|---|---|---|---|---|---|---|---|
| AUDIT-4/1/2017/3/31/2019 | 19,939.95 | 8,910.15 | 24,134.69 | 3,264.63 | 315.13 | 130.18 | 1,104.27 | 148.78 | 57,948.78 |
| Jul-19 | 9,543.54 | 4,550.81 | 12,796.80 | 1,541.54 | 159.85 | 65.82 | 846.23 | 75.22 | 29,579.81 |
| Aug-19 | 19,387.11 | 9,244.69 | 25,995.92 | 3,131.55 | 324.71 | 133.71 | 1,719.05 | 152.81 | 60,089.55 |
| Sep-19 | 507.50 | 242.00 | 680.50 | 81.98 | 8.50 | 3.50 | 45.00 | 4.00 | 1,572.98 |
| Oct-19 | 2,669.45 | 1,272.92 | 3,579.43 | 431.19 | 44.71 | 18.41 | 236.70 | 21.04 | 8,273.85 |
| SUB-TOTAL CONTRIBUTIONS | 52,047.55 | 24,220.57 | 67,187.34 | 8,450.89 | 853.90 | 351.62 | 3,951.25 | 401.85 | 157,464.97 |
| 10% LIQUIDATED DAMAGES | 5,204.76 | 2,422.06 | 6,718.74 | 845.09 | 85.39 | 35.16 | 395.13 | 40.19 | 15,746.52 |
| 20% LIQUIDATED DAMAGES | - | - | - | | | | - | | - |
| ACCUMULATED LIQUIDATED DAMAGES | 209.19 | 244.98 | 648.30 | | | | | | 1,102.47 |
| ACCUM. INTEREST - ABOVE AUDIT | 4,012.00 | 739.71 | 4,789.00 | | 89.30 | 36.41 | 291.55 | 42.03 | 10,000.00 |
| TOTAL BEFORE ATTY & AUDIT COSTS | 61,473.50 | 27,627.32 | 79,343.38 | 9,295.98 | 1,028.59 | 423.19 | 4,637.93 | 484.07 | |
| LESS DOWN PAYMENT | 9,880.44 | 9,880.45 | 9,880.45 | | | | | | |
| AMOUNT FINANCED | 51,593.06 | 17,746.87 | 69,462.93 | | | | | | |
| ATTORNEY FEES AND COSTS | 1,190.00 | 1,155.00 | 1,155.00 | | | | | | |
| AUDIT COSTS | 629.34 | 610.83 | 610.83 | | | | | | |
| MONTHLY PAYMENT $ 4,713.23 | 1,747.20 | 632.66 | 2,333.37 | | | | | | |
| NUMBER OF PAYMENTS | 36 | 36 | 36 | | | | | | |
| TOTAL PAID x 36 | 62,899.20 | 22,775.76 | 84,001.32 | | | | | | |
| LESS AMOUNT FINANCED | 51,593.06 | 17,746.87 | 69,462.93 | | | | | | |
| LESS ATTORNEY FEES AND COSTS | 1,190.00 | 1,155.00 | 1,155.00 | | | | | | |
| LESS AUDIT COSTS | 629.34 | 610.83 | 610.83 | | | | | | |
| EQUALS NOTE INTEREST | 9,486.80 | 3,263.06 | 12,772.56 | | | | | | |
| PLUS ACCUMULATED INTEREST | 4,012.00 | 739.71 | 4,789.00 | | | | | | |
| EQUALS TOTAL INTEREST | 13,498.80 | 4,002.77 | 17,561.56 | | | | | | |

$ 45,511.10 DUE UP-FRONT

|  | WEL | ATTY | AUDIT |
|---|---|---|---|
|  | 1,696.66 | 33.06 | 17.48 |
|  | RET WEL | ATTY | AUDIT |
|  | 583.61 | 32.08 | 16.97 |
|  | PENS | ATTY | AUDIT |
|  | 2,284.32 | 32.08 | 16.97 |

**SUMMARY TOTALS**

| WEL | 52,047.55 |
|---|---|
| WEL RET | 24,220.57 |
| PEN | 67,187.34 |
| DUES | 8,450.89 |
| LDCMC | 853.90 |
| LECET | 351.62 |
| TRAIN | 3,951.25 |
| CCA | 401.85 |
| MARBA | - |
| CISCO | - |
| SUBTOT | 157,464.97 |
| LIQ. DAM. | 16,848.99 |
| INT | 35,522.42 |
| ATTY | 3,500.00 |
| AUDIT | 1,851.00 |
| TOTAL | 215,187.38 |

GUARANTY AMOUNT    215,187.38

## SETTLEMENT AGREEMENT

This Settlement Agreement by and between Boye Janitorial Services, Inc. ("Boye" or "Company"), and the Laborers' Pension Fund, the Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund and Catherine Wenskus, Administrator of the Funds (collectively the "Funds") and the Construction and General Laborers' District Council of Chicago and Vicinity ("Union") is hereby entered into;

**WHEREAS**, the Funds alleges that Boye was at all times relevant a party to a Collective Bargaining Agreement with the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union") pursuant to which it also agreed to be bound to the terms the Funds' respective Agreements and Declarations of Trust, and are obligated to submit payment of benefit contributions and withhold and remit dues from the paychecks of Boye's employees;

**WHEREAS**, the Funds filed a lawsuit to collect audit findings revealed as due by a fringe benefit compliance audit of Boye's books and records for the period April 1, 2017 through March 31, 2019 and to compel the submission and payment of fringe benefit and dues contribution reports for the period July 2019 forward. (*Laborers' Pension Fund, et al v. Boye Janitorial Services, Inc.*, Case No. 19 CV 6962 pending in the Northern District of Illinois, Eastern Division (J. Lefkow) (hereinafter the "Lawsuit"));

**WHEREAS**, a fringe benefit and union dues compliance audit was conducted for the period April 1, 2017 through March 31, 2019 which resulted in findings totaling $87,162.44. This amount includes base contributions, liquidated damages, interest, audit costs, accumulative liquidated damages and interest on the unpaid contributions. The amounts due for the monthly fringe benefit and union dues reports are based upon the Company's self-reporting and sworn statement upon which the Funds relies;

WHEREAS, the Union filed a Grievance (Grievance Nos. 19-83 hereinafter referred to as the "Grievance") alleging that Boye failed to pay the appropriate wages and benefit contributions on behalf of individuals who performed covered work during the audit period April 1, 2017 through March 31, 2019;

**WHEREAS**, the Parties wish to resolve and settle the Lawsuit and the Grievance without any additional expense or litigation;

**NOW THEREFORE**, for and in consideration of the mutual promises contained in this Agreement, and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. Boye shall pay the settlement sum of Two-Hundred Fifteen Thousand One Hundred Eighty-Seven and 38/100 Dollars ($215,187.38) which includes 12% installment note interest to address the alleged liabilities and to settle all claims set forth in the Lawsuit. The payment of the settlement sum shall be according to a three (3) year Installment Note and

**EXHIBIT 2**

Guaranty which is attached to this Agreement as Exhibits A and B. The terms of the Installment Note and Guaranty are incorporated into this Agreement.

2. Boye shall make a down payment of $45,511.10 on or before April 1, 2020. The first settlement monthly payment in the amount $4,713.23 is due May 1, 2020 with the remaining thirty-five (35) payments due on the 1st of each month thereafter. The final payment shall be made on April 1, 2023. All settlement payment checks shall made payable to the "Laborers' Pension and Welfare Funds." <u>Boye will mail or deliver all checks to the Funds' Administrative Offices, which are located at 11465 Cermak Road, Westchester, Illinois 60154 and envelop should be placed to the attention of Michael Christopher.</u>

3. Boye also agrees to immediately submit and pay all fringe benefit and union dues reports for the months November 2019 and December 2019 plus 10% liquidated damages. The fringe benefit and union dues reports shall be completed and executed and emailed to Fund Counsel G. Ryan Liska - rliska@chilpwf.com. The payments for those reports shall be mailed to the <u>Laborers' Pension and Welfare Funds, 11465 Cermak Road, Westchester, Illinois 60154 and envelop should be placed to the attention of Michael Christopher.</u> Failure to provide the monthly fringe benefit and union dues reports and payments by April 1, 2020 shall constitute a default under this Agreement.

4. To resolve the Grievance and within thirty (30) days of executing this Agreement, Boye shall also pay wages and wage audit costs totaling $617.20, as follows:

a. $155.20 in gross wages to be made payable to Brian David, Jr., less all appropriate withholdings, including associated union dues;

b. 3.75% associated union dues made payable to the "Laborers' Work Dues' Fund"; and

c. $462.00 in wage audit costs made payable to the "Laborers' District Council"

The net proceeds of wages, after deductions for taxes including, but not limited to, all required contributions for state and local tax, Social Security, and Medicare, dues and all other appropriate withholdings, shall be issued to Brian David, Jr. and delivered to the attention of Ms. Christina Wernick at the Union's office: The Laborers' District Council, 999 McClintock, Suite 300, Burr Ridge, IL 60527. Likewise, the union dues check and audit reimbursement check shall be delivered to Ms. Wernick.

5. Within thirty (30) days of executing this Agreement, Boye shall post a $10,000.00 surety backed fringe benefit and wage bond. In the event Boye is unable to post a surety backed bond, it will immediately execute a Contract for Cash Bond contract with the Fund and immediately begin making its twelve (12) monthly payments. These monthly payments would be separate from and in addition to the installment note monthly payments referenced in Paragraphs 1 and 2 above. A failure to timely post and/or maintain a $10,000.00 fringe benefit and wage bond shall constitute an event of default under this Agreement, the Note and the Guaranty.

6. Boye shall execute a Commercial Security Agreement in favor of the Funds and the Union, copy of which is attached to this Agreement as Exhibit C and made a part thereof.

7. No later than the first of each month Boye must complete and submit monthly Job Notices on forms provided by the Funds. The Job Notices shall relate to jobs in which Boye is performing work covered by the Agreement. The Job Notices shall be emailed to G. Ryan Liska (rliska@chilpwf.com) and Christina Wernick (cwernick@LIUNACHICAGO.org). Boye shall provide the Job Notices during the term of the Note and failure to timely provide accurate Job Notices shall constitute a default of this Agreement.

8. In the event Boye fails to comply with any term contained in this Agreement, Installment Note or Personal Guaranty, the Funds shall issue a written notice of default to Tony Adeboyejo, 3830 W. 95th Street, Suite 110, Illinois 60153. The written notice can also be delivered to Mr. Adeboyejo via email (aileen@boyejan.com). If Boye fails to cure the default within ten (10) days the Funds shall be entitled to accelerate the Note balance and immediately move for judgment against Boye which shall include reasonable attorney fees and costs as a result of enforcing this Agreement.

9. The Parties shall file a Stipulation of Dismissal with the District Court requesting that the Lawsuit be dismissed without prejudice with leave to reinstate no later than April 15, 2023. Thereafter, absent the filing of any motion, the dismissal shall be automatically converted to a dismissal with prejudice.

10. Upon execution of this Agreement, Installment Note and Guaranty, and payment of the down payment and payment of the monthly reports for November 2019 and December 2019, Boye shall be removed from the Funds' Contractor Delinquency List on the condition that Boye remains current on its monthly fringe benefit and union dues contribution payments.

11. This Agreement shall be binding upon the heirs, successors, and assigns of the Parties hereto. However, neither this Agreement nor its terms shall be construed as, or relied upon as, precedent as to the application of the relevant collective bargaining agreements or future dealings between the parties.

12. The persons signing below represent that they are authorized to execute this Agreement and bind their respective entities and themselves to the terms hereof.

13. This Agreement constitutes and represents the complete and entire agreement between the Parties. The terms of this Agreement may not be altered, modified, or supplemented except by a writing signed by each of the Parties.

14. The Parties confirm and agree that: (a) this Agreement is the result of negotiation and compromise; (b) in interpreting this Agreement, no Party shall be considered to be the drafter of it; (c) no language shall be strictly construed against any Party; and (d) this Agreement shall be interpreted consistent with the ordinary and reasonable meaning of the words used in it.

15. This Agreement may be executed in multiple counter parts with a facsimile copy signature or scanned/emailed copy signature as binding as the original.

16. This Agreement shall be construed in accordance with Illinois law without regard to choice of laws, except as preempted by applicable federal law.

For the Laborers' Pension Fund, the Laborers' Welfare Funds of the Health and Welfare Department of the Construction, the Retiree Health and Welfare Fund and General Laborers' District Council of Chicago and Vicinity, and Catherine Wenskus, Administrator of the Funds

_____        Date: 4/27/20
Catherine Wenskus, Administrator

For the Construction and General Laborers' District Council of Chicago and Vicinity

_____        Date: _____
Martin Flanagan, Grievance Director

Boye Janitorial Services, Inc.

_____
Tony Adeboyejo, President

_____        Date: 8/17/20
Signature

# Ryan Liska

**From:** Ryan Liska
**Sent:** Tuesday, June 8, 2021 1:34 PM
**To:** 'Aileen Carbonel'; 'tony_boyejanitorialservice@yahoo.com'
**Cc:** Mike Christopher
**Subject:** Installment Note Payments

Aileen and Tony:

This email serves as the Funds' written notice of default related to the Company's installment note. The Company failed to make its March 2021 through June 2021 note payments. The amount of the current delinquency is $18,852.92. The Company must pay this delinquency in full by <u>June 23, 2021</u>. Please mail the payment to the Funds Office in Westchester and to the attention of Mike Christopher.

In the event the default is not cured within this period, the Funds will file a complaint to reinstate the lawsuit and accelerate the balance due on the note, which is quite substantial.

Ryan



EXHIBIT 3

1

# Ryan Liska

**From:** Ryan Liska
**Sent:** Wednesday, June 23, 2021 12:51 PM
**To:** 'Aileen Carbonel'
**Subject:** RE: Installment Note Payments

Ok.

I will hold off until July 2nd based upon your representation the company needs that extension to get current on the note obligations.

Please email me when you mail the check to Mike

Thanks

Ryan

**From:** Aileen Carbonel [mailto:aileen@boyejan.com]
**Sent:** Wednesday, June 23, 2021 12:40 PM
**To:** Ryan Liska <rliska@chilpwf.com>
**Subject:** Re: Installment Note Payments

**Warning: External Email.** Do not click links or open attachments unless you recognize the sender and know the content is safe.

It was on the same check as the May payment. Mike called me about it to make sure it was allocated to the installment note

On Wed, Jun 23, 2021 at 10:09 AM Ryan Liska <rliska@chilpwf.com> wrote:

Aileen

What was the check number for the note payments? I do see this payment. The last payment I see was on 6/11/2021 for May 2021 reports for $12,926.56

Ryan



**Ryan Liska**
Associate Fund Counsel | Office of Fund Counsel
rliska@chilpwf.com
P: (312) 692-0354 | F: (312) 692-1489
**Laborers' Pension and Welfare Funds**



EXHIBIT 4

111 W. Jackson Blvd, Ste 1415 | Chicago, IL 60604
www.chicagolaborersfunds.com

**From:** Aileen Carbonel [mailto:aileen@boyejan.com]
**Sent:** Wednesday, June 23, 2021 9:12 AM
**To:** Ryan Liska <rliska@chilpwf.com>
**Subject:** Re: Installment Note Payments

**Warning: External Email.** Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ryan,

I made a mistake since our last month's payment was similar to what was owed on the installment note. We did pay $2350 toward the note as well as our regular payment. Can you hold off until next Friday and I can get the remainder to Mike?

Thanks.

Aileen

On Tue, Jun 8, 2021 at 1:22 PM Aileen Carbonel <aileen@boyejan.com> wrote:

Thanks. Received

On Tue, Jun 8, 2021 at 3:02 PM Ryan Liska <rliska@chilpwf.com> wrote:

See attached

Ryan

2

## Ryan Liska

**From:** Ryan Liska
**Sent:** Friday, July 9, 2021 10:32 AM
**To:** 'Aileen Carbonel'
**Subject:** RE: Installment Note Payments

Aileen

We are still waiting for the April –July installment note payments.  I have a quarterly meeting with the Trustees in a couple of weeks and I will need a lawsuit on file prior to that meeting in  the event this delinquency is not cured.  Note, I could avoid the wrath of the Trustees if the company was paid through June – but not anything less than that

In the event I have to file suit the Trustees will also demand that my attorney fees be tacked onto the note.

Ryan

**From:** Ryan Liska
**Sent:** Wednesday, June 23, 2021 12:51 PM
**To:** 'Aileen Carbonel' <aileen@boyejan.com>
**Subject:** RE: Installment Note Payments

Ok.

I will hold off until July 2nd based upon your representation the company needs that extension to get current on the note obligations.

Please email me when you mail the check to Mike

Thanks

Ryan

**From:** Aileen Carbonel [mailto:aileen@boyejan.com]
**Sent:** Wednesday, June 23, 2021 12:40 PM
**To:** Ryan Liska <rliska@chilpwf.com>
**Subject:** Re: Installment Note Payments

**Warning: External Email.** Do not click links or open attachments unless you recognize the sender and know the content is safe.

It was on the same check as the May payment. Mike called me about it to make sure it was allocated to the installment note

On Wed, Jun 23, 2021 at 10:09 AM Ryan Liska <rliska@chilpwf.com> wrote:

Aileen



1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND and CATHERINE WENSKUS, not individually, but as Administrator of the Funds,<br><br>　　　　　　　　Plaintiffs,<br>v.<br>BOYE JANITORIAL SERVICES, INC. an Illinois corporation,<br><br>　　　　　　　　Defendant. | JUDGE LEFKOW<br><br>Case No.: 19-cv-6920 |

## DECLARATION OF MICHAEL CHRISTOPHER

**MICHAEL CHRISTOPHER,** declare under the penalty of perjury that the foregoing is true and accurate:

1. I am a Field Representative employed by the Laborers' Pension Fund and the Laborers' Welfare Fund of the Construction and General Laborers' District Council of Chicago and Vicinity (hereinafter collectively referred to as the "Funds"), Plaintiffs in the above-referenced action. My responsibilities include oversight of the collection of installment note payments and monthly fringe benefit reports and payments submitted by Boye Janitorial Services, Inc., (hereinafter "Boye"). These tasks are performed by me through the use of the Funds' LPWF computer accounting program.

2. On March 13, 2020, Boye signed an Installment Note ("Note") in settlement of


EXHIBIT 6

this case. A true and accurate copy of the Installment Note is attached to the Motion to Reinstate as Exhibit 1. The Note required Boye to remit a monthly $4,713.23 note payment on the first of each month totaling $4,713.23 beginning on May 1, 2020 and continuing to April 1, 2023.

3. On June 8, 2021 and July 9, 2021, Funds provided a written notice of default via advising Boye that its April 2021 through July 2021 note payments were past due. After the issuance of the July 9th notice of default, the August 1, 2021 through October 2021 installment note payments became due. Further, Boye has not submitted or paid its June 2021 through August 2021 monthly fringe benefit contribution reports.

4. Using the Funds' LPWF accounting program I prepared a Payment Plan Worksheet which details the payments made to date and the installment note balance currently due. A copy of the Payment Plan Worksheet is attached to my Declaration as Exhibit A.

5. As of the date of this Declaration, the Company owes its April 2021 through October 2021 payments which total $32,992.61. The balance due on the installment note is $117,948.61. (See Exhibit A).

Date: 10-15-2021

MICHAEL CHRISTOPHER

2

# PAYMENT PLAN WORKSHEET

10/15/2021

| | |
|---|---|
| COMPANY | Boye Janitorial Service |
| PHONE# | 773-779-3800 |
| NUMBER OF PMTS. | 36 |
| PMT PLAN COVERS THE MOS. OF | AUDIT:4-1-17-3-31-19-JUL-AUG-SEP-OCT-2019 |
| CODE | 35169 |
| CONTACT PERSON | |
| FIELD REP | MC |

| | |
|---|---|
| TOTAL WEL & PENS | 168,444.20 |
| LESS 20% DOWN | 29,641.34 |
| EQUALS AMT FIN. | 138,802.86 |
| PLUS ATTY. COSTS | 3,500.00 |
| PLUS AUDIT COSTS | 1,851.00 |
| PLUS NOTE INT. | 25,522.42 |
| TOTAL W&P | 169,676.28 |

| | |
|---|---|
| WEL PMT | 1,747.20 |
| WEL RET PMT | 632.66 |
| PENS PMT | 2,333.37 |
| TOTAL | 4,713.23 |
| # PAYMENTS | 36 |
| TOTAL W & P | 169,676.28 |

| BEG BALANCE | PAY # | PAYMENT DUE DATE | SCH PMT | ACTUAL PAID | CHK# | DATE REC'D | SCH PMT | ACTUAL PAID | CHK# | DATE REC'D | SCH PMT | ACTUAL PAID | CHK# | DATE REC'D | END BALANCE OWED | ENTER "1" IF LATE | 20% LATE FEE (OWED)PD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | WELFARE PMTS: | | | | WELFARE RETIREE PMTS: | | | | PENSION PMTS: | | | | | |
| 9,295.98 | XXXX | AT SIGNING | 9,295.98 | 9,295.98 | 8648 | 4/27/20 | | | | | XXXX | XXXX | XXXX | XXXX | - | | |
| 1,028.59 | XXXX | AT SIGNING | 1,028.59 | 1,028.59 | 8648 | 4/27/20 | | | | | XXXX | XXXX | XXXX | XXXX | - | | |
| 423.19 | XXXX | AT SIGNING | 423.19 | 423.19 | 8706 | 4/27/20 | | | | | XXXX | XXXX | XXXX | XXXX | - | | |
| 4,637.93 | XXXX | AT SIGNING | 4,637.93 | 4,637.93 | 8706 | 4/27/20 | | | | | XXXX | XXXX | XXXX | XXXX | - | | |
| 484.07 | XXXX | AT SIGNING | 484.07 | 484.07 | 8706 | 4/27/20 | | | | | XXXX | XXXX | XXXX | XXXX | - | | |
| - | XXXX | AT SIGNING | - | | | | | | | | XXXX | XXXX | XXXX | XXXX | - | | |
| - | XXXX | AT SIGNING | - | | | | | | | | XXXX | XXXX | XXXX | XXXX | - | | |
| 29,641.34 | XXXX | AT SIGNING | 29,641.34 | 29,641.34 | 8706 | 4/27/20 | | | | | XXXX | XXXX | XXXX | XXXX | - | | |
| 169,676.28 | 1 | 5/1/2020 | 1,747.20 | 1,747.20 | 8706 | 4/27/20 | 632.66 | 632.66 | 8648 | 4/27/20 | 2,333.37 | 2,333.37 | 8648 | 4/27/20 | 164,963.05 | | * |
| | 2 | 6/1/2020 | 1,747.20 | 1,747.20 | 8706 | 4/27/20 | 632.66 | 632.66 | 8648 | 4/27/20 | 2,333.37 | 2,333.37 | 8648 | 4/27/20 | 160,249.82 | | * |
| | 3 | 7/1/2020 | 1,747.20 | 1,747.20 | 8706 | 4/27/20 | 632.66 | 632.66 | 8648 | 4/27/20 | 2,333.37 | 2,333.37 | 8648 | 4/27/20 | 155,536.59 | | * |
| | 4 | 8/1/2020 | 1,747.20 | 1,596.36 | 8706 | 4/27/20 | 632.66 | 632.66 | 8705 | 5/22/20 | 2,333.37 | 2,333.37 | 8705 | 5/22/20 | 150,974.20 | | * |
| | 5 | 9/1/2020 | 1,747.20 | 1,747.20 | 8705 | 5/22/20 | 632.66 | 632.66 | 8705 | 5/22/20 | 2,333.37 | 2,333.37 | 8705 | 5/22/20 | 146,260.97 | | * |
| | 6 | 10/1/2020 | 1,747.20 | 1,747.20 | 8705 | 5/22/20 | 632.66 | 632.66 | 8705 | 5/22/20 | 2,333.37 | 2,333.37 | 8705 | 5/22/20 | 141,547.74 | | * |
| | 7 | 11/1/2020 | 1,747.20 | 1,747.20 | 8705 | 5/22/2020 | 632.66 | 632.66 | ###### | 5/22/20 | 2,333.37 | 2,333.37 | 8705 | 5/22/2020 | 136,834.51 | | * |
| | 8 | 12/1/2020 | 1,747.20 | 1,747.20 | 8705 | 5/22/2020 | 632.66 | 632.66 | 8705 | 5/22/2020 | 2,333.37 | 2,333.37 | 8705 | 5/22/2020 | 132,121.28 | | * |
| | 9 | 1/1/2021 | 1,747.20 | 1,747.20 | 8705 | 5/22/2020 | 632.66 | 632.66 | 8705 | 5/22/2020 | 2,333.37 | 2,333.37 | 8705 | 5/22/2020 | 127,408.05 | | * |
| | 10 | 2/1/2021 | 1,747.20 | 1,747.20 | 8705 | 5/22/2020 | 632.66 | 632.66 | 8705 | 5/22/2020 | 2,333.37 | 2,333.37 | 8705 | 5/22/2020 | 122,694.82 | | * |
| | 11 | 3/1/2021 | 1,747.20 | 1,470.06 | 8890 | 1/5/2021 | 632.66 | 632.66 | | 6/16/2021 | 2,333.37 | 2,610.51 | | 6/16/2021 | 117,981.59 | | * |
| | 12 | 4/1/2021 | 1,747.20 | 32.98 | | 6/16/2021 | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 13 | 5/1/2021 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 14 | 6/1/2021 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 15 | 7/1/2021 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 16 | 8/1/2021 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 17 | 9/1/2021 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 18 | 10/1/2021 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 19 | 11/1/2021 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 20 | 12/1/2021 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 21 | 1/1/2022 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 22 | 2/1/2022 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 23 | 3/1/2022 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 24 | 4/1/2022 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 25 | 5/1/2022 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 26 | 6/1/2022 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 27 | 7/1/2022 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 28 | 8/1/2022 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 29 | 9/1/2022 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 30 | 10/1/2022 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 31 | 11/1/2022 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 32 | 12/1/2022 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 33 | 1/1/2023 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 34 | 2/1/2023 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 35 | 3/1/2023 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| | 36 | 4/1/2023 | 1,747.20 | | | | 632.66 | | | | 2,333.37 | | | | 117,948.61 | | |
| 215,187.38 | | | 55,994.30 | 64,335.30 | | | 22,775.76 | 6,959.26 | | | 84,001.32 | 25,944.21 | | | 117,948.61 | | |



EXHIBIT A